IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTINE HENDERSON

Plaintiff,

v.

LANE COUNTY DEVELOPMENTAL DISABILITY SERVICES, et al.

Defendants.

Civ. No. 6:26-cv-1916-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Christine Henderson ("Plaintiff") seeks leave to proceed *in forma pauperis* ("IFP") in this pro se action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED with leave to amend within 30 days.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(e)(1) provides that "each averment of a pleading shall be simple, concise, and direct." *Id.* 8(e)(1).

Here, Plaintiff's Complaint is 31 pages, and she has filed in excess of 120 pages of "exhibits." ECF Nos. 1-1, 7. Plaintiff brings twenty-two claims against Defendants, ranging from federal and state wage and hour laws to three whistleblower claims to violations of the First, Thirteenth, and Fourteenth Amendments to the federal Constitution. Compl. ¶ 83-103. Plaintiff uses all-caps, bolding, underlining, italics, and exclamations points, alone and in combination, to emphasize her points, whether the point is relevant to a cause of action or not. Rather than being helpful, such formatting makes reading and interpreting Plaintiff's claims much more difficult.

The Complaint is long-winded and includes a host of extraneous facts as well as personal, rather than legal, attacks on the Defendants. *See, e.g.*, Compl. ¶ 100

("The Counties idea of providing PANDEMI[C] RELIEF to clients and in home care workers out of ALL THE RELIEF MONIES THEY HAD GOTTEN FROM FEDERAL AND STATE consisted of a zip lock baggy with 3 pairs of rubber gloves and 1 paper mask" and "[m]eanwhile the county administrative staff was enjoying pay raises, new equipment, and a brand NEW BUILDING TO DO BUSINESS BUILT FROM GROUND UP!"); *Id.* ¶ 25 (Defendants "would not allow for me to train the staff AND GET PAID WHILE I TEACH THEM new treatments, uses of medical assistive devises, medication administrations . . . after MD, Occupational therapy, Physical therapy, and any other medical related stuff [Plaintiff] was present to have personal knowledge about.")

Much of the Complaint is conclusory in nature. *See*, *e.g.*, *Id.* ¶ 63 ("When Plaintiff escalated the situation to ODDS and OHA the state operations they acted with bad faith and indifference failing to intervene to correct the case manger's MALICIOUS, RETALIATORY, VICIOUS acts of withholding of funds and turning off ALL SERVICES[.]")

In some instances, Plaintiff describes her issues with Oregon state courts, but that is part of another case brought by Plaintiff and irrelevant here. Compl. ¶ 14-18; *cf. Henderson v. Kidd*, 6:26-cv-01706-AA (D. Or. 2026).

Plaintiff admits that the Complaint is repetitive. Compl. at 4. Plaintiff also acknowledges that she includes irrelevant details, as she states that she "will talk allot about Patrick my older brother and things I did for him, his achievements,

sharing deep emotional issues I have about what has transpired over the years[.]" *Id.* Plaintiff's Complaint does not meet the "short and plain" requirement of Rule 8.

Plaintiff's wage claims implicate another issue. While Plaintiff seeks wages from her previous employer, her exhibits include an "Assignment of Wages" signed June 23, 2024, which states in pertinent part:

> I hereby assign in trust to the Labor Commissioner of the State of Oregon all wages, whether penalty or otherwise, due me from my previous employer, or any other persons legally responsible for the payment of my wages.
>
> By this statement, I authorize the Labor Commissioner to equitably adjust and compromise the amount of wages, whether penalty or otherwise, due me from my previous employer or other persons legally responsible for the payment of my wages.
>
> If the Bureau settles my claim and I receive the amount settled upon, I agree to give up any right I may have to bring suit for additional wages or penalties.

Ex. 4 at 6, ECF No. 7. Plaintiff states that she did not accept the payment from the agency and instead returned the check. Compl. ¶ 14. Plaintiff also states that she is appealing the agency action in state court, *id.*, but Plaintiff references so many state court cases, the Court cannot discern which later statements apply to the wage action and which apply to what appear to be numerous other suits brought by Plaintiff. Additionally, Plaintiff does not plead that she ever received a right to sue letter from either the state or federal oversight body.

For failure to comply with Rule 8's requirement of a short and plain statement, the Complaint is dismissed with leave to amend.

**CONCLUSION**

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED with leave to amend within 30 days and without service on Defendants.

It is so ORDERED and DATED this 4th day of November 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge